UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re                                                                          Case No. 14-12552 (SHL)

EFRAIN MORALES

           Debtor in Possession

_____

# AFFIRMATION IN OPPOSITION TO MOTION TO DISMISS

**Vivian M. Williams, Esq.,** an attorney admitted in the Southern District of New York, affirms and states as follows:

1. I am the attorney for Debtor in the above-entitled matter.

2. This affirmation is submitted in opposition to the motion of the United States Trustee for dismissal of this Chapter 11 case or conversion to Chapter 7.

3. For the reasons set forth below the motion should be denied or adjourned.

4. All of debtor's operating reports have been filed by the debtor so that Debtor is current with his operating reports.

5. Debtor counsel has significantly enhanced the capacity of his operation by retaining and partnership with other professionals to deliver more effective services and clear up backlog at his firm. This process which commenced over the last month has significantly improved the efficiency and effectiveness of the firm.

6. The Debtor has also made ALL quarterly payments to the United States Trustee and is current with ALL payments.

7. With respect to the issue of equity in the properties that is an issue of fact that is yet to be addressed. As shown in Debtor's schedules the various mortgages and the amounts stated are ALL disputed. The Debtor also contends that the various

debts listed are duplications of the same obligation such that they are NOT all valid and enforceable.

8. The amount of the mortgages are also in dispute. In fact the Debtor's contends that the mortgages are fraudulent such that they may NOT be enforceable. The creditors and claims have listed because they appear in Debtor's credit report. Debtor therefore, intends to use this process to resolve the disputes as to the various debts. Particularly, Debtor listed the listed the various debtors and claims in his schedules so that ALL potential creditors or persons and entities with a likely claims could appear in this matter so that claims could be properly determined.

9. At this point in time, the claims register shows that the only secured filed is a claim in the amount of $774,507.51 by Nationstar Mortgage.

10. It is premature therefore, to declare that Debtor does NOT have any equity in the properties.

11. Debtor has filed an application for July 31st, 2015 to be set as the bar date for claims to be filed. The claims therefore, would be sorted out after the bar date set by the court.

12. The issue of Debtor's equity in the property should therefore be deferred to a time after the bar date when the issues of proper claims is resolved.

13. The court should therefore deny the motion at this time or alternatively adjourned the motion to a date after the bar date for claims.

   **WHERFORE**, it is respectfully requested that the motion be denied that Debtor be allowed to proceed with his reorganization.

Dated: New York, New York

June 15, 2015

  /s/ Vivian Williams

Vivian M. Williams, Esq.
Attorney for Debtor
535 5th Avenue, 4th Floor
New York, NY 10017
(212) 561-5312